447 So.2d 64 (1984)
Aynaud M. HEBERT, M.D.
v.
Patricia McGUIRE and Dominick McGuire.
No. CA-1046.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*65 Carl J. Schumacher, Jr., C. David Schumacher, New Orleans, for plaintiff.
Before REDMANN, C.J., and BARRY and WILLIAMS, JJ.
REDMANN, Chief Judge.
A patient's defense to her doctor's suit for a $900 fee for surgery is that the doctor's branch office caused the loss of insurance benefits by (a) failing to file her insurance claim as the office had agreed to do and (b) failing to notify her that her bill remained outstanding until after it was too late for the patient (or her husband) to collect from the insurer. The doctor appeals from the dismissal on the merits of his suit against the patient and her husband.
An unpublished appendix affords a fuller factual discussion for the benefit of the parties. The trial judge could reasonably have concluded that defendants proved the factual basis of their defense.
Plaintiff argues that the trial judge incorrectly applied estoppel, a doctrine "not favored" in Louisiana, Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
This may not be a simple estoppel. If plaintiff's Jean Lafitte office employee agreed before the surgery to take care of the insurance claim, it is arguable that the promise was part of an enforceable contract, made by an ostensibly authorized agent. If the promise had come after the debt for surgery was incurred, it would be a clearer case of a gratuitous promise, as to which estoppel (or the civil law doctrine against contravening one's own acts) would, however, reasonably apply; see Sanders v. United Distributors, Inc., 405 So.2d 536 (La.App. 4 Cir.1981), writ refused 410 So.2d 1130.
In either case, the trial judge was not manifestly erroneous in concluding that plaintiff's breach of the promise by plaintiff's employee to take care of the insurance claim caused defendant to suffer the loss of the insurance benefits. But defendants only lost the benefits that his contract would have paid, and defendant's proof is only that the benefits were at least 80% without any showing of the circumstances *66 that would afford 100% coverage. The defense therefore defeats only 80% of the claim, and defendants are liable for the other 20%, or $180 (less a $25 credit).
Reversed in part; judgment for Aynaud M. Hebert, M.D. against Patricia and Dominick McGuire for $155 plus interest from judicial demand as prayed; each side to bear half of all costs.